IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN PATTERSON and
BRI'AHN PATTERSON,

                Plaintiffs,

    v.

GOVERNOR TONY EVERS, ATTORNEY
GENERAL JOSH KAUL, MILWAUKEE COUNTY
DISTRICT ATTORNEY JOHN CHISHOLM, HON.
SUPREME COURT CHIEF JUSTICE PATIENCE D.
ROGENSACK, HON. JUSTICE ANN WALSH        OPINION AND ORDER
BRADLEY, HON. JUDGE JOHN P. ANDERSON,
HON. JUDGE FAYE M. FLANCHER, HON. JUDGE        24-cv-599-wmc
NICHOLAS JOEL McNAMARA, HON. JUDGE
SCOTT L. HORNE, HON. JUDGE MITCHELL J.
METROPULOS, HON. JUDGE FREDERICK C.
ROSA, HON. JUDGE WILLIAM J. DOMINA, HON
JUDGE D. TODD EHLERS, HON. JUDGE
MICHAEL K. MORAN, HON. JUDGE THOMAS B.
EAGON, HON. JUDGE STEPHANIE G.
ROTHSTEIN, HON. JUDGE JANE V. CARROLL,
and HON. JUDGE MAUREEN D. BOYLE,

                Defendants.

---

      Plaintiff Brian Patterson is an inmate incarcerated by the Wisconsin Department of Corrections at Fox Lake Correctional Institution as the result of a homicide conviction entered against him in Milwaukee County. Representing themselves, Patterson and his daughter, Bri'Ahn Patterson (collectively, "Plaintiffs"), have filed this proposed civil action under 42 U.S.C. § 1983 against Governor Tony Evers, Attorney General Joshua Kaul, Milwaukee County District Attorney John Chisholm, and several judges serving on both the Wisconsin Judicial Conference and the Criminal Jury Instruction Committee, arguing

that the jury instructions given at Brian Patterson's trial were defective. Because plaintiffs are proceeding without prepayment of the full filing fee, the court must screen the complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). Complaints filed by unrepresented litigants are construed generously, accepting their allegations as true for purposes of screening and applying a less stringent standard than the one that governs formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even under this lenient standard, the court concludes that this case must be dismissed as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994) for reasons discussed below.

OPINION

Public records show that Brian Patterson was convicted of first-degree reckless homicide following a jury trial in Milwaukee County Circuit Court Case No. 2010CF00599.[1] Plaintiffs contend that the conviction is unlawful because he acted in self-defense and is legally innocent.[2] Despite this argument, which was raised in state court, the conviction was affirmed on direct appeal and on postconviction review by both the

---

[1] *See State v. Patterson*, 2010CF000599 (Milwaukee County Cir. Ct.), available at https://wcca.wicourts.gov (last visited Oct. 23, 2024).

[2] The complaint does not establish that Bri'Ahn Patterson, as Brian Patterson's daughter, has standing to sue. *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (explaining that a party "generally must assert [her] own legal rights and interests, and cannot rest [her] claim to relief on the legal rights or interests of third parties.") (citations omitted). Because the complaint fails for other reasons, the court does not address this issue further.

2

Wisconsin Court of Appeals and the Wisconsin Supreme Court. *State v. Patterson*, 2014 WI App 90, 356 Wis. 2d 326, 855 N.W.2d 491 (Table), 2014 WL 3582732 (Wis. Ct. App. July 22, 2014), review denied by 2015 WI 1, 360 Wis. 2d 172, 857 N.W.2d 617 (Table). Thereafter, the United States Supreme Court denied his petition for a writ of certiorari. *See Patterson v. Wisconsin*, 576 U.S. 1040 (2015).

Plaintiffs now seek injunctive relief, declaring that the jury instructions used at Brian Patterson's trial were insufficient to protect his constitutional rights. Because a successful challenge would "necessarily imply the invalidity of his conviction or sentence," this case may not proceed unless his conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck*, 512 U.S. at 486-87; *Nelson v. Campbell*, 541 U.S. 637, 647 (2004). Caselaw makes clear that this requirement applies regardless of whether a civil rights plaintiff seeks damages or injunctive relief. *Bell v. Raoul*, 88 F.4th 1231, 1233-34 (7th Cir. 2023); *Haywood v. Hathaway*, 842 F.3d 1026, 1028 (7th Cir. 2016) (applying *Heck* and concluding that "[i]f the claim has not accrued, it cannot matter what relief a prisoner seeks"). Court records reflect that Brian Patterson's conviction was upheld again recently in a federal habeas proceeding under 28 U.S.C. § 2254. *Patterson v. Meisner*, No. 16-cv-745, 2022 WL 4468167 (E.D. Wis. Sept. 26, 2022). Because plaintiffs have not alleged, and court records do not reveal, that he successfully obtained post-conviction relief by challenging the constitutionality of his criminal proceedings and resulting conviction, *Heck* precludes their claims.

While the court of appeals has cautioned against dismissing complaints from unrepresented litigants without giving an opportunity to amend, *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), dismissal of plaintiffs' claims is appropriate because the allegations do not suggest that they could state a claim for relief in federal court. The only federal proceeding available to obtain the form of relief sought is a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000) (state prisoners who want to challenge their convictions or sentences must seek habeas corpus because they contest the fact or duration of custody). However, this court cannot convert this action into one for habeas corpus on its own motion, and instead must dismiss this case without prejudice. *See Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996) (citing *Heck*, 512 U.S. 477).

## ORDER

IT IS ORDERED that this case is DISMISSED without prejudice under *Heck v. Humphrey*, 512 U.S. 477 (1994). The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 29th day of October, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge