IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

BRIAN PATTERSON and
BRI'AHN PATTERSON,

      Plaintiffs,                                                  ORDER

      v.                                                        24-cv-599-wmc

TONY EVERS, et al.,

      Defendants.

_____

      Representing themselves, plaintiffs Brian Patterson and his daughter, Bri'Ahn, filed a civil action under 42 U.S.C. § 1983, against Governor Tony Evers and several judges. On October 29, 2024, the court dismissed the complaint as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Dkt. #9.) Plaintiffs have filed a notice of appeal. (Dkt. #13.) Brian Patterson, who is incarcerated in the Wisconsin Department of Corrections ("WDOC"), has filed a motion to use his release account to pay the full appellate filing fee. (Dkt. #14.) Bri'Ahn, who resides in the state of Georgia and is not incarcerated, has filed a motion to proceed in forma pauperis on appeal. (Dkt. #19.) For reasons explained below, the court will deny the motion to use Brian Patterson's release account to pay the full filing fee, but will grant both plaintiffs leave to proceed without prepayment of fees for the appeal.

      Because Brian is incarcerated, his complaint is governed by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A. As a result, he must either pay the full amount of the appellate filing fee ($605.00) or obtain leave to proceed in forma pauperis under 28 U.S.C. § 1915(a)(2). Where a prisoner has requested leave to proceed without prepayment of filing fees, the PLRA requires a court to collect fees from a "prisoner's account" until the full amount

1

is paid. 28 U.S.C. § 1915(b). For prisoners incarcerated by WDOC, the term "prisoner's account" encompasses both a prisoner's release account and his general account. *Spence v. McCaughtry*, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999). "A release account is a restricted account maintained by the [WDOC] to be used upon the prisoner's release from custody upon completion of his sentence." *Wilson v. Anderson*, Case No. 14-cv-798, 2014 WL 3671878 at *3 (E.D. Wis. July 23, 2014) (citing Wis. Admin. Code § DOC 309.466). Given the purpose of the release account, federal courts in Wisconsin have concluded that it is not prudent to consider those funds as a source for satisfying filing fee payment requirements. *See Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001). The only circumstance permitting the court to order use of a Wisconsin prisoner's release account funds is when the prisoner's general account has insufficient funds to pay an initial partial filing fee payment required by the PLRA. *See Flowers v. Jeanpierre*, 24-cv-726, 2024 WL 4045737 (W.D. Wis. Aug. 5, 2024) (citing *Doty v. Doyle*, 182 F. Supp. 2d 750, 752 (E.D. Wis. 2002); *Mosby v. Wommack*, No. 08-cv-677-slc, 2009 WL 2488011 (W.D. Wis. Aug. 12, 2009) ("[W]ith the exception of initial partial payments, [federal district courts] do not have the authority to tell state officials whether and to what extent a prisoner should be able to withdraw money from his release account."). Accordingly, Brian's motion to use his release account to pay the full appellate filing fee will be denied.

The court notes, however, that Brian has filed a copy of his general inmate trust account statement, reflecting that he lacks funds to pay the appellate filing fee. (Dkt. #15.) Because it does not appear that the appeal is filed in bad faith, the court will construe this submission as a request for leave to proceed without prepayment of the filing fee under 28 U.S.C. § 1915(a)(2), which will be granted, and he will be allowed to pay the appellate filing fee by

installment. The court will also grant the motion for leave to proceed in forma pauperis filed by plaintiff Bri'Ahn Patterson (dkt. #19), who was previously given leave to proceed without prepayment of filing fees in this case (dkt #8), and who is not required to make installment payments because the PLRA does not apply to her.

ORDER

IT IS ORDERED THAT:

1) Plaintiff Brian Patterson's motion to use his release account to pay the full appellate filing fee (dkt. #14) is DENIED.

2) Brian Patterson's request for leave to proceed in forma pauperis on appeal (dkt. #15) is GRANTED.

3) Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b)(1), plaintiff Brian Patterson must make an initial partial payment of the appellate fee, which the court has calculated as $63.26. Plaintiff may have until **February 14, 2025**, to make the initial partial payment by check or money order. If necessary, he may arrange with prison authorities to pay some or all of the initial partial filing fee from his release account. If he fails to make the required payment by February 14, his appeal may be dismissed. Plaintiff must pay the remainder of the $605 appellate filing fee in monthly installments pursuant to 28 U.S.C. § 1915(b)(2).

4) The motion for leave to proceed without prepayment of the appellate filing fee filed by plaintiff Bri'Ahn Patterson, who is not bound by the PLRA (dkt. #19), is GRANTED.

Entered this 28th day of January, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge